[No. 499.  Decided February 23, 1892.]

MARY FOWLER, *Respondent*, v. JAMES C. FAIRCHILD, *Treasurer of Pierce County, Appellant.*

### TAXES—DELINQUENCY—REGISTRATION FEE.

Sec. 94, Laws 1891, p. 316, providing for a registration fee of twenty-five cents for each separate parcel of land entered as delinquent for county taxes in the registry book of delinquent taxes, is prospective in its operation, and such fee cannot be charged against parcels of land delinquent for the taxes of the year 1890.

*Certified from Superior Court, Pierce County.*

*W. H. Snell*, Prosecuting Attorney, for appellant.

*Stanton Warburton*, for respondent.

The opinion of the court was delivered by

STILES, J.—The respondent was the owner of certain real estate in Pierce county subject to taxation in the year 1890. Taxes for that year became delinquent March 1, 1891, by the act of January 20th of that year (Laws, p. 1), and in the month of June following she tendered to appellant, who was treasurer of the county, the exact sum for which the property was taxed, including penalties and interest. But the appellant, assuming to exercise authority under § 94 of the act of 1891, p. 316, demanded the sum of twenty-five cents additional for each separate parcel of respondent's land, amounting to over four hundred dollars in all, and refused to receive the sum offered, or to issue a receipt, until the registration fees should be paid. At the suit of the respondent the superior court, by a peremptory *mandamus* required the appellant to receive the amount tendered to him, holding that in respect to this matter of the registration fee the act of 1891 was not applicable to assessments levied for the year 1890. The court also or-

dered the cause to be certified to this court for review upon this question and some others.

We have examined the act of 1891 carefully from its title to its close, and find no evidence of intention on the part of the legislature to make any of the provisions therein which add to the burdens of the taxpayers of the state, of which there are several, apply otherwise than prospectively. It is the general rule that such provisions in a new revenue act do not operate retrospectively unless there is very clear language in them to such an effect. *Smith v. Auditor General*, 20 Mich. 398. We might argue the point by lengthy reference to particular items of internal evidence in the act which could be used to sustain the view that this was not intended to be anything more than an ordinary newly enacted revenue law; but the real intention of the legislature is so clearly shown by its act called "An act to cure defective titles to real estate," passed only three days before the general act (Laws 1891, p. 166), that there is no room for doubt.

An examination of the old law and the new one shows this difference in the matter of the collection of delinquent taxes: Under the act of 1890, on the first day of April the treasurer was required to return his tax list of the year previous to the auditor (Laws 1889–90; p. 565, § 99), and the first mention of subsequent authority in him to collect the delinquent taxes is found in § 111, after judgment, and upon the certificate of the auditor. Under the code and the amendments, the system was substantially the same—the auditor was the head of it. But under the act of 1891 the treasurer has become the head of the entire system of collecting taxes both before and after delinquency. He does not return his lists to the auditor, but makes his settlements for collections and delivers a copy or duplicate of his register of delinquent property. It would thus happen that under the old laws the treasurer

would have no books or data of any kind in his office, possession or official knowledge, from which he could make up such a register as is contemplated in § 94. The legislature, aware of that fact, saw fit, in its endeavor to bring all the unpaid and disputed tax matters in the state into harmony and order by setting the county commissioners at work, under the act of March 6th, to get together all unpaid, lost or strayed taxes into rolls, which were then to be filed in the treasurer's office, and the collection proceeded with "as may by law be provided for the collection of taxes on real estate becoming delinquent on the roll of 1891," viz., by the law approved three days later. This covers the taxes assessed in 1890 to a demonstration, and as there is no charge of any fee for this kind of registration, it follows that the respondent could not be charged one, and her tender to the treasurer was good.

The other questions certified become unnecessary to the decision of the case under the ruling made upon the first one, and we must decline to answer them for the one reason, if for no other, viz.: That this matter was laid before us somewhat in haste and under a special assignment, for the express purpose of obtaining a decision before March 1, and some of the points submitted would require more careful and exhaustive study than we could have time to devote to them in that short period.

The judgment is affirmed.

ANDERS, C. J., and HOYT, SCOTT and DUNBAR, JJ., concur.